# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BUFFALO GROVE POLICE PENSION FUND, Derivatively on Behalf of Nominal Defendant NAVIENT CORPORATION, | ) ) ) | C.A. No. _____ |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| WILLIAM M. DIEFENDERFER, III, JOHN K. ADAMS, ANNA ESCOBEDO CABRAL, DIANE SUITT GILLELAND, KATHERINE A. LEHMAN, LINDA A. MILLS, JOHN (JACK) F. REMONDI, JANE J. THOMPSON, LAURA S. UNGER, BARRY L. WILLIAMS, ANN TORRE BATES, STEVEN L. SHAPIRO, BARRY A. MUNITZ, TIMOTHY J. HYNES, IV, SOMSAK CHIVAVIBAL, JOHN M. KANE, and CHRISTIAN M. LOWN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| - and - | ) ) | |
| NAVIENT CORPORATION, | ) ) | |
| Nominal Defendant. | ) ) | |

## DECLARATION OF GEOFFREY M. JOHNSON IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR <u>PRELIMINARY APPROVAL OF SETTLEMENT</u>

I, Geoffrey M. Johnson, pursuant to 28 U.S.C. §1746, declare as follows:

1.     I am a partner with the law firm of Scott+Scott Attorneys at Law LLP and serve as counsel for Plaintiff Buffalo Grove Police Pension Fund ("Plaintiff") in the above-captioned action.  I make this Declaration in Support of Plaintiff's Unopposed Motion for Preliminary Approval of Settlement.  I have been actively involved in prosecuting this action and have

personal knowledge of the matters set forth herein, and if called upon, I could and would competently testify thereto.

2.     Attached hereto are true and correct versions of the following:

| Exhibit 1 | Stipulation of Settlement dated January 3, 2019 |
|---|---|
| Exhibit A<br>(to the Stipulation) | [Proposed] Order Preliminarily Approving Settlement |
| Exhibit B<br>(to the Stipulation) | [Proposed] Form of Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing, and Right to Appear |
| Exhibit C<br>(to the Stipulation) | [Proposed] Form of Summary Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing, and Right to Appear |
| Exhibit D<br>(to the Stipulation) | [Proposed] Final Order and Judgment |

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct.

Executed this 4th day of January, 2019, in Cleveland Heights, Ohio.

_____
Geoffrey M. Johnson

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BUFFALO GROVE POLICE PENSION FUND, Derivatively on Behalf of Nominal Defendant NAVIENT CORPORATION, | ) ) ) | C.A. No. _____ |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| WILLIAM M. DIEFENDERFER, III, JOHN K. ADAMS, ANNA ESCOBEDO CABRAL, DIANE SUITT GILLELAND, KATHERINE A. LEHMAN, LINDA A. MILLS, JOHN (JACK) F. REMONDI, JANE J. THOMPSON, LAURA S. UNGER, BARRY L. WILLIAMS, ANN TORRE BATES, STEVEN L. SHAPIRO, BARRY A. MUNITZ, TIMOTHY J. HYNES, IV, SOMSAK CHIVAVIBAL, JOHN M. KANE, and CHRISTIAN M. LOWN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| - and - | ) ) | |
| NAVIENT CORPORATION, | ) ) | |
| Nominal Defendant. | ) | |

**STIPULATION AND AGREEMENT OF
SETTLEMENT, COMPROMISE, AND RELEASE**

This Stipulation and Agreement of Settlement, Compromise, and Release (the "Stipulation") is entered into between and among the following parties, by and through their respective undersigned counsel, in the Action[1]: (i) Plaintiff, on its own behalf and derivatively on behalf of Navient Corporation ("Navient" or the "Company"); (ii) Defendants; and (iii) Navient,

---

[1]     All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶1 herein.

as nominal defendant.  This Stipulation sets forth the terms and conditions of the Settlement of the Action, and is intended by the Parties to fully, finally and forever resolve, discharge and settle all Released Claims as against the Released Persons, subject to the approval of the Court.

**WHEREAS:**

A.      Navient is a public corporation and was created as a result of a spin-off from SLM Corporation ("Sallie Mae") in 2014.  In connection with the reorganization of Sallie Mae, Navient, through its subsidiaries (including Navient Solutions, LLC and Pioneer Credit Recovery, Inc. ("Pioneer")), assumed the servicing and collection of certain private and federal student loans owned by Navient and various third parties.

B.      Navient has been investigated by numerous governmental entities, including the Consumer Financial Protection Bureau ("CFPB") and multiple state attorneys general, who have alleged that Navient committed payment processing errors and failed to implement the internal controls necessary to appropriately service student loans, leading to misapplied payments, misinformation being sent to borrowers, and false reporting to credit agencies of certain loans. In addition, these regulators have alleged that Navient failed to advise borrowers of certain rights as required by federal and state law.

C.      The above allegations led to both regulatory and private actions to be taken against the Company, including lawsuits being filed by the CFPB and state attorneys general and two securities class action lawsuits.

D.      On January 15, 2018, Plaintiff sent a demand to inspect certain books and records of the Company pursuant to 8 *Del. C.* §220 to investigate potential wrongdoing, mismanagement, and breaches of fiduciary duty by the members of the Company's Board of Directors (the "Board") and management (the "Demand").  On March 12, 2018, the Company

produced to Plaintiff inspection materials pursuant to the Demand (the "220 Documents"). Plaintiff subsequently sent a settlement demand to the Company on May 21, 2018.

E.     On May 7, 2018, Plaintiff provided Navient with a draft derivative complaint on behalf of the Company against certain directors and officers of Navient for breaches of fiduciary duty.  Plaintiff alleged breach of fiduciary duty claims arising out of Defendants' roles in allowing the Company to function without effective controls in place to ensure compliance with minimum federal standards for student loan servicing, allowing the Company to violate the federal securities laws, and allowing certain Defendants to enrich themselves at the expense of the Company and its stockholders.  Defendants informed Plaintiff that they believed the claims were without merit and would defend them in court, if the complaint were filed.

F.     In August 2018, the Parties agreed to mediate the claims at issue in the Demand. The Parties retained Bill Baten ("Mr. Baten") of Van Winkle Baten Dispute Resolution to mediate their dispute.  Prior to mediating, the Parties exchanged written proposals on possible reforms intended to benefit Navient.  The Parties separately had multiple communications with Mr. Baten to discuss the merits of their allegations and their respective positions.  On September 21, 2018, the Parties attended a mediation in Washington, D.C., before Mr. Baten.  After a full day session, the Parties reached an agreement-in-principle on substantive terms to settle the Action and executed a memorandum of understanding (the "MOU").  This Stipulation memorializes the terms of the Parties' agreement to settle the Action.

G.     The Parties have, separately from the substantive settlement terms, agreed on attorneys' fees.  Plaintiff's Counsel intends to submit a Fee and Expense Application in an amount not to exceed $1,495,000.  Plaintiff's Counsel also intends on requesting an incentive

award for Plaintiff in the amount of $5,000, which shall come out of the amount received in response to Plaintiff's Counsel's Fee and Expense Application.

H.      Plaintiff has owned shares of Navient common stock since the outset of the Action and continues to do so.   Plaintiff, having thoroughly considered the facts and law underlying the Action, and based upon the investigation and prosecution of the Action and the mediation that led to the Settlement, and after weighing the risks of continued litigation, has determined that it is in the best interests of Navient and Navient Stockholders that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation, and that these terms and conditions are fair, reasonable, and adequate to Navient and Navient Stockholders.

I.      Defendants have denied and continue to deny the allegations of wrongdoing, allegations of liability, and existence of any damages asserted in or arising from the Action. Defendants have concluded that further litigation in connection with the Action would be time-consuming and expensive.   After weighing the costs, disruption, and distraction of continued litigation, they have determined, solely to eliminate the risk, burden, and expense of further litigation, that the Action should be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.

**NOW THEREFORE, IT IS STIPULATED AND AGREED**, by and among the Parties, by and through their undersigned counsel, and subject to the approval of the Court, that the Action shall be fully and finally compromised and settled, the Released Claims shall be released as against the Released Persons, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of the Settlement, as follows:

**DEFINITIONS**

1.      The following terms, as used in this Stipulation, have the meanings specified below:

        a.      "Action" means the above-captioned action and all claims set forth in the books and records demand letters that Plaintiff served on Navient.

        b.      "Court" means the United States District Court for the Eastern District of Pennsylvania.

        c.      "Defendants" means William M. Diefenderfer, III, John K. Adams, Anna Escobedo Cabral, Diane Suitt Gilleland, Katherine A. Lehman, Linda A. Mills, John (Jack) F. Remondi, Jane J. Thompson, Laura S. Unger, Barry L. Williams, Ann Torre Bates, Steven L. Shapiro, Barry A. Munitz, Timothy J. Hynes, IV, Somsak Chivavibal, John M. Kane, and Christian M. Lown.

        d.      "Effective Date" means the first date by which all of the conditions precedent set forth in ¶8 below have been met and occurred, or have been waived in writing by the Parties.

        e.      "Fee and Expense Application" means the application by Plaintiff's Counsel to be filed with the Court for an award of attorneys' fees and reimbursement of litigation expenses and incentive award for Plaintiff.

        f.      "Final," with respect to the judgment approving the Settlement or any other court order, means: (i) if no appeal from an order or judgment is taken, the date on which the time for taking such an appeal expires under the Federal Rules of Appellate Procedure, *i.e.*, 30 days after entry of the judgment or order; or (ii) if any appeal is taken, the date on which all appeals, including petitions for rehearing or reargument, have been

finally disposed of (whether through expiration of time to file, through denial of any request for review, by affirmation on the merits, or otherwise).

g.      "Final Order and Judgment" or "Judgment" means the Final Order and Judgment of the Court, substantially in the form attached hereto as Exhibit D, approving the Settlement and dismissing the Action with prejudice without costs to any party (except as provided in this Stipulation).

h.      "Navient" or the "Company" means Navient Corporation.

i.      "Navient Stockholder(s)" means any and all Persons who hold of record, or beneficially own, shares of Navient as of the close of business on the date of this Stipulation

j.      "Notice" means the Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing, and Right to Appear, substantially in the form attached hereto as Exhibit B.

k.      "Parties" means Plaintiff, Defendants, and Nominal Defendant Navient.

l.      "Person" means any individual, corporation, professional corporation, limited liability company, partnership, limited partnership, limited liability partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, or any other business or legal entity.

m.      "Plaintiff" means Buffalo Grove Police Pension Fund.

n.      "Plaintiff's Counsel" means Scott+Scott Attorneys at Law LLP.

o.      "Preliminary Approval Order" means the order to be entered pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, substantially in the form attached

hereto as Exhibit A: (i) preliminarily approving the Settlement; (ii) approving the form and manner of Notice to Navient Stockholders of the pendency of the Action, the Settlement, and their right to object; and (iii) establishing the procedure and schedule for the Court's consideration of the Settlement, dismissal of the Action with prejudice, and Plaintiff's Counsel's Fee and Expense Application.

       p.      "Released Claims" means all Released Plaintiffs' Claims and all Released Defendants' Claims.

       q.      "Released Defendants' Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, judgments, defenses, counterclaims, offsets, decrees, matters, issues, and controversies of any kind, nature, or description whatsoever, whether disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including both known and Unknown Claims that were or could have been asserted by any of the Defendants in any court, tribunal, forum, or proceeding, whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, and that are based upon, arise out of, or relate to the commencement, prosecution, defense, mediation, or settlement of the Action, including, but not limited to, discovery produced in the Action; provided, however, for the avoidance of doubt, that the Released Defendants' Claims shall not include any claims to enforce this Stipulation, the Settlement, or the Final Order and Judgment.

r.      "Released Defendants' Persons" means, whether or not each or all of the following Persons were named, served with process, or appeared in the Action, Defendants, Defendants' counsel, and all of their former or current agents, parents, controlling persons, partners (including general or limited partners), members, managers, managing members, direct or indirect equity holders, subsidiaries, affiliates, employees, officers, directors, trustees, predecessors, successors, attorneys, heirs, successors, assigns, insurers, reinsurers, consultants, other representatives, servants, respective past or present family members, spouses, agents, fiduciaries, corporations, bankers, estates, and advisors.

s.      "Released Persons" means the Released Defendants' Persons and the Released Plaintiffs' Persons.

t.      "Released Plaintiffs' Claims" means any and all manner of claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, judgments, defenses, counterclaims, offsets, decrees, matters, issues, and controversies of any kind, nature, or description whatsoever, whether disclosed or undisclosed, accrued or unaccrued, apparent or not apparent, foreseen or unforeseen, matured or not matured, suspected or unsuspected, liquidated or not liquidated, fixed or contingent, including both known and Unknown Claims, that (i) Plaintiff asserted in the Verified Shareholder Derivative Complaint; or (ii) Plaintiff could have asserted derivatively on behalf of Nominal Defendant Navient in any court, tribunal, forum, or proceeding, whether based on state, local, foreign, federal, statutory, regulatory, common, or other law or rule, and that are based upon, arise out of, or relate to the actions, inactions, deliberations, discussions, decisions, votes, or any other conduct of any kind by

any of the Released Defendants' Persons relating to any agreement, transaction, occurrence, conduct, or fact alleged or set forth in the Verified Shareholder Derivative Complaint; provided, however, for the avoidance of doubt, that the Released Plaintiffs' Claims shall not include: (i) any direct claims of any Navient Stockholder, including any claims arising out of, based upon, or relating to the federal or state securities laws; or (ii) any claims to enforce this Stipulation, the Settlement, or the Final Order and Judgment.

u.      "Released Plaintiffs' Persons" means Plaintiff, Plaintiff's Counsel, and any and all of their former or current agents, parents, controlling persons, partners (including general or limited partners), members, managers, managing members, direct or indirect equity holders, subsidiaries, affiliates, employees, officers, directors, trustees, predecessors, successors, attorneys, heirs, successors, assigns, insurers, reinsurers, consultants, other representatives, servants, respective past or present family members, spouses, agents, fiduciaries, corporations, bankers, estates, and advisors.

v.      "Release(s)" means the releases set forth in ¶¶3-4 below.

w.      "Settlement" means the settlement and resolution of the Action on the terms and conditions contained in this Stipulation.

x.      "Settlement Hearing" means a hearing required under Fed. R. Civ. P. 23.1, at or after which the Court will review the adequacy, fairness, and reasonableness of the Settlement and determine whether to issue the Final Order and Judgment.

y.      "Stipulation" means this Stipulation and Agreement of Settlement, Compromise, and Release dated January 3, 2019.

z.      "Summary Notice" means the Summary Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing, and Right to Appear, substantially in the form attached hereto as Exhibit C.

aa.     "Unknown Claims" means any Released Claims that a Person granting a Release hereunder does not know or suspect to exist in his, her, or its favor at the time of the Release, including, without limitation, those that, if known, might have affected the decision to enter into or object to the Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Plaintiff, Defendants, and Navient shall have expressly waived, and each of the other Navient Stockholders shall be deemed to have waived, and by operation of the Final Order and Judgment shall have expressly waived, and released any all provisions, rights, and benefits conferred by or under California Civil Code §1542 (and provisions of the laws of the United States or any state or territory thereof, or of the common law, that are equivalent, comparable, or analogous to Cal. Civ. Code §1542), which provides that:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

Plaintiff, Defendants, and Navient acknowledge, and all other Navient Stockholders by operation of law shall be deemed by operation of law to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of Plaintiff, Defendants, and Navient, and of all other Navient Stockholders by operation of law, to completely, fully, finally, and forever extinguish any and all Released Claims without

regard to the subsequent discovery of additional or different facts. Plaintiff, Defendants, and Navient acknowledge, and all other Navient Stockholders by operation of law shall be deemed to have acknowledged, that this waiver and the inclusion of "Unknown Claims" in the definition of "Released Claims" was separately bargained for, a material element of the Settlement, and relied upon by each and all of the Parties in entering into this Stipulation and agreeing to the Settlement.

       bb.    "Verified Shareholder Derivative Complaint" or "Complaint" means the Verified Shareholder Derivative Complaint to be filed by Plaintiff in January 2019.

## SETTLEMENT CONSIDERATION

2.      In consideration of the full settlement, satisfaction, compromise, and release of the Released Plaintiffs' Claims and dismissal with prejudice of the Action, the Parties agree as specified below:

       a.      Navient acknowledges that the pendency, prosecution, and settlement of the Action and the litigation efforts of Plaintiff and its counsel were a material and substantial cause of the Settlement consideration described below and that the Settlement and each of its terms are fair, reasonable, and adequate and in the best interest of Navient and Navient Stockholders.

       b.      This Settlement has been approved by those Navient director(s) who have not been named as Defendants in any of the Action as being in the best interests of the Company.

       c.      Navient's Board has adopted or shall adopt resolutions, amend committee charters, or shall take other action necessary for the implementation of the Corporate Governance Reforms set forth below. The corporate governance changes set forth herein shall be maintained for a period of at least five years, unless any provision (or part of any

provision) is rendered unlawful or ill-advised under any statute or regulation. The Board may exercise its discretion in deciding whether to continue any of the corporate governance changes after five years.

        d.      **Board Composition.**  Navient commits to appoint, or to have appointed, following receipt of Plaintiff's Complaint, two new independent directors to the Company's Board by the May 31, 2020.

        e.      **Director Orientation and Continuing Education.**

        i.      Within six months of their election or appointment, all new members of the Board must receive training on applicable consumer protection laws and state collection laws; and

        ii.      In addition, every member of the Board shall receive annual training on compliance with such consumer protection laws, standards, and regulations.

        f.      **Risk Oversight Disclosures.**  Navient shall prepare a summary of the Board's risk oversight responsibilities for publication on Navient's publicly facing website.  Navient shall provide Plaintiff with the summary prior to the date when Plaintiff's final fairness papers are due with the Court.

        g.      **Revisions to the Board's Committee Charters.**  Navient shall review and revise, as necessary, the charter for each standing committee to ensure that each committee's risk oversight responsibilities are clearly described.  Navient shall provide Plaintiff with the final revisions prior to the date when Plaintiff's final fairness papers are due with the Court.

h.      **Limitations on Directors and Audit Committee Service.**  Navient shall amend the Board's Governance Guidelines to provide that: (i) the Chair of the Audit Committee shall not serve on the audit committee of more than one other public company's board of directors; and (ii) any individual member of the Board will not serve as the chair of more than one committee or as a member of more than three committees.

i.      **Independent Director Meetings in Executive Session.**

i.      Navient shall amend the Board's Governance Guidelines to require the independent directors of the Board to meet in executive session at each regularly scheduled meeting of the Board, with a minimum requirement to meet at least four times annually, outside of the presence of any director who serves as an officer for Navient; and

ii.      Navient shall amend the Board's Governance Guidelines to provide that the independent directors shall have the power to call for reporting from any business unit at the executive session, including, without limitation, from audit and compliance segments.

j.      **Maintenance of Senior Executive Position(s) for Loan Servicing and Collections.**  Navient shall maintain at least one executive position at the Senior Vice-President level or higher whose primary areas of responsibility shall be: (a) loan servicing operations; and (b) loan-related collections efforts reasonably designed to achieve compliance with state and federal law.

k.      **Creation of a Loan Servicing and Collections Compliance Committee.**

i.      Navient shall create an executive-level Loan Servicing and Collections Compliance Committee;

    ii.  The executive(s) listed in ¶2.j. above, General Counsel/Principal Legal Officer, and Chief Risk and Compliance Officer shall all serve on the Loan Servicing and Collections Compliance Committee;

    iii.  The Loan Servicing and Collections Compliance Committee shall report directly to the Company's Audit Committee;

    iv.  The Loan Servicing and Collections Compliance Committee shall provide additional oversight of the Company's loan servicing and loan-related collections efforts.  Reports regarding these responsibilities shall be provided to the Company's Audit Committee; and

    v.  The Loan Servicing and Collections Compliance Committee shall provide additional oversight of internal controls regarding the Company's loan servicing and loan-related collections efforts.  Reports regarding these responsibilities shall be provided to the Company's Audit Committee.

  l.  **Revisions to the Code of Business Conduct.**  Navient shall amend its Code of Business Conduct to state the following (or similar language):

> If you become aware of a failure by the Company to comply with loan servicing or collection procedures mandated by federal or state consumer protection laws and/or by the federal securities laws and SEC rules, regulations or guidance, or if you, or anyone else you are aware of, are asked to discharge your/their respective duties in a manner that fails to comply with any such rules, regulations, or guidance, you shall immediately report the event via email to legalcompliance@navient.com.

  m.  **Revisions to the Confidential Whistleblower Program.**  Navient shall require the Chief Risk and Compliance Officer to meet with the Audit Committee at least annually to present on and discuss the current Whistleblower Policy and to consider any amendments that the Chief Risk and Compliance Officer or Audit Committee recommends.

14

## RELEASES

3.       Upon the Effective Date, Plaintiff and each and every other Navient Stockholder, derivatively on behalf of Navient, and Navient, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiffs' Claims against the Released Defendants' Persons, and shall be forever enjoined from prosecuting the Released Plaintiffs' Claims against the Released Defendants' Persons.  Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of this Stipulation.

4.       Upon the Effective Date, Defendants, Navient, and each of the other Released Defendants' Persons shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Defendants' Claims against the Released Plaintiffs' Persons, and shall be forever enjoined from prosecuting the Released Defendants' Claims against the Released Plaintiffs' Persons.  Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of this Stipulation. Nothing in this Stipulation shall be construed as a waiver or release of any rights or claims of Defendants, Navient, and/or each of the other Released Defendants' Persons against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives, including, but not limited to, any rights or claims by Defendants, Navient, and/or each of the other Released Defendants' Persons under any directors and officers liability, management liability, company reimbursement, or other applicable insurance policy maintained by Defendants, Navient, and/or any of the Released Defendants' Persons.

## PRELIMINARY APPROVAL ORDER

5.       Promptly after the execution of this Stipulation, the Parties shall jointly request entry of the Preliminary Approval Order: (i) preliminarily approving the settlement;

(ii) approving the form and manner of notice to Navient Stockholders of the pendency of the Action, the Settlement, and their right to object; and (iii) establishing the procedure and schedule for the Court's consideration of the Settlement, dismissal of the Action with prejudice, and Plaintiff's Counsel's Fee and Expense Application.

## **NOTICE**

6.      The Preliminary Approval Order will provide that notice of the Settlement be given by Navient in the following manner: (i) publishing the Summary Notice once in *Investor's Business Daily*; (ii) inclusion of the Notice on the Company's website; and (iii) placement of the Notice on the website(s) maintained by Plaintiff's Counsel.

7.      Navient shall be responsible for, and pay all costs and expenses related to, providing notice of the Settlement irrespective of whether the Court approves the Settlement and in no event shall Plaintiff or Plaintiff's Counsel be responsible for any notice costs.

## **CONDITIONS OF SETTLEMENT; TERMINATION**

8.      The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver in writing by all Parties of all of the following events:

        a.      the Court has entered the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A;

        b.      the Court has approved the Settlement, following notice and a hearing;

        c.      the Court has entered the Judgment; and

        d.      the Judgment has become Final.

9.      Plaintiff and Defendants (provided Defendants unanimously agree amongst themselves) shall each have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to the other Parties within 30 calendar days of: (a) the Court's final refusal to enter the Preliminary Approval Order

in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which an order vacating, modifying, revising, or reversing the Judgment becomes Final, and the provisions of ¶10 below shall apply.  However, any decision or proceeding, whether in this Court or any appellate court, solely with respect to an application for an award of attorneys' fees or litigation expenses, shall not be considered material to the Settlement, shall not affect the finality of the Judgment, and shall not be grounds for termination of the Settlement.

10.      If Plaintiff or Defendants exercise their right to terminate the Settlement pursuant to ¶9 above, then: (a) the Settlement and the relevant portions of this Stipulation shall be canceled; (b) Plaintiff, Defendants, and Navient shall revert to their respective litigation positions in the Action as of immediately prior to the execution of the MOU on September 21, 2018; and (c) the terms and provisions of the MOU and this Stipulation, with the exception of this ¶10 and ¶16 below, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and the Parties shall proceed in all respects as if the MOU and this Stipulation had not been entered.

## ATTORNEYS' FEES AND EXPENSES

11.      Plaintiff's Counsel intends to submit to the Court the Fee and Expense Application based upon the benefits provided to Navient and its stockholders from the Settlement and the prosecution of the Action.  The Fee and Expense Application shall be the only petition for attorneys' fees and expenses allowed on behalf of Plaintiff, Plaintiff's Counsel, or counsel purporting to represent any other Navient Stockholder in connection with the Action or the Settlement.

17

12.     Subsequent to the execution of the MOU, and after all of the material terms of the Settlement were agreed upon by the Parties, Plaintiff's Counsel engaged in arm's-length negotiations with the Defendants and Navient concerning an appropriate award of attorneys' fees and litigation expenses for Plaintiff's Counsel.  As a result of those negotiations, it has been agreed that Plaintiff's Counsel's Fee and Expense Application will not exceed $1,495,000.00, including a service award for Plaintiff in the amount of $5,000, and Defendants and Navient will not oppose a request up to that amount.  The above-referenced fee and expense award shall constitute the full amount that Navient and Defendants shall be required to pay to Plaintiff's Counsel, or any other counsel, in connection with the litigation and settlement of the claims asserted in this Action.

13.     Defendants shall pay, or cause to be paid, the attorneys' fees and expenses as awarded by the Court in response to the Fee and Expense Application within 10 business days after the Court issues such an order to an account designated by Plaintiff's Counsel, notwithstanding the existence of any timely filed objections thereto, potential for appeal therfrom, or collateral attacks on the Settlement or any part thereof.

14.     If, after payment of the award for attorneys' fees and expenses, the Settlement is terminated pursuant to the terms of this Stipulation or the award is reversed, vacated, or reduced by final order, Plaintiff's Counsel shall, within 30 calendar days after (a) receiving from Defendants' counsel notice of the termination of the Settlement; or (b) any order of a court of appropriate jurisdiction reversing, vacating, or reducing the award becomes final, make appropriate refunds or repayments to Navient or Defendants.

**COOPERATION**

15.     In addition to the actions specifically provided for in this Stipulation, the Parties agree to use their best efforts from the date hereof to take, or cause to be taken, all actions, and to

do, or cause to be done, all things reasonably necessary, proper, or advisable under applicable laws, regulations, or agreements, to consummate and make effective this Stipulation and the Settlement.  The Parties and their attorneys agree to cooperate fully with one another in seeking the Court's approval of the Settlement and to use their best efforts to effect the consummation of this Stipulation and the Settlement, including, but not limited to, resolving any objections raised with respect to the Settlement.

## STIPULATION NOT AN ADMISSION

16.     Neither this Stipulation nor any act or omission in connection therewith is intended or shall be deemed to be a presumption, concession, or admission by: (i) any of the Defendants or any of the Released Defendants as to the validity of any claims, causes of action, or other issues that were, might be, or have been raised in the Action or in any other litigation, or to be evidence of or constitute an admission of wrongdoing or liability by any of them, and each of them expressly denies any such wrongdoing or liability; or (ii) Plaintiff as to the infirmity of any claim or the validity of any defense, or to the amount of any damages.  The existence of this Stipulation, its contents, or of any negotiations, statements, or proceedings in connection therewith, shall not be offered or admitted in evidence or referred to, interpreted, construed, invoked, or otherwise used by any Person for any purpose in the Action or otherwise, except as may be necessary to effectuate the Settlement.  Notwithstanding the foregoing, any of the Released Persons may file this Stipulation, or any judgment or order of the Court related hereto, in any other action that may be brought against them in order to support any and all defenses or counterclaims based on *res judicata*, collateral estoppel, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

## NO WAIVER

17.     Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions in this Stipulation by such other Party.  All waivers must be in writing and signed by the Party against whom the waiver is asserted.

18.     No waiver, express or implied, by any Party of any breach or default in the performance by any other Party of its obligations under this Stipulation shall be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

## AUTHORITY

19.     This Stipulation will be executed by counsel to the Parties, each of which represents and warrants that he, she, or it has been duly authorized and empowered to execute this Stipulation on behalf of such Party and that it shall be binding on such Party in accordance with its terms.

## SUCCESSORS AND ASSIGNS

20.     This Stipulation is, and shall be, binding upon, and inure to the benefit of, the Parties and their respective agents, spouses, heirs, predecessors, successors, personal representatives, representatives and assigns; ***provided, however,*** that no Party shall assign or delegate its rights or responsibilities under this Stipulation without the prior written consent of the other Parties.

## BREACH

21.     The Parties agree that in the event of any breach of this Stipulation, all of the Parties' rights and remedies at law, equity, or otherwise are expressly reserved.

## GOVERNING LAW AND FORUM

22.     This Stipulation shall be governed by, and construed in accordance with, the laws of the State of Delaware, without regard to conflict of laws principles.  Any action relating to this Stipulation will be filed exclusively in the Court.  Each Party: (i) consents to personal jurisdiction in any such action (but no other action) brought in the Court; (ii) consents to service of process by registered mail upon such Party and/or such Party's agent; and (iii) waives any objection to venue in the Court and any claim that the Court is an inconvenient forum.

## NON-DISPARAGEMENT

23.     Plaintiff's Counsel will not issue press releases relating, in any way, to the Stipulation, Action, or Settlement unless Navient agrees to such press releases in advance, which agreement shall not be unreasonably withheld.  After a motion for preliminary approval is filed with the Court, Plaintiff's Counsel may make public statements, including disclosure on its internet website, involving the following facts: (i) its representation of Plaintiff in the Action; (ii) the Action was resolved through Settlement; (iii) the reforms associated with the Settlement; and (iv) the procedural status of the Case in the U.S. District Court (collectively, these facts are referred to as the "Permissible Disclosures").  Plaintiff's Counsel shall not make any public statements beyond the Permissible Disclosures unless Navient agrees to such public statements in advance, which agreement shall not be unreasonably withheld.

24.     Plaintiff's Counsel shall refrain from disparaging any Defendant or taking any action designed or reasonably foreseeable to cause harm to the public perception of any Defendant regarding any issue related in any way to the Action or Settlement.

## ENTIRE AGREEMENT

25.     This Stipulation and the attached exhibits constitute the entire agreement among the Parties with respect to the subject matter hereof and supersede all prior or contemporaneous

oral or written agreements, understandings, or representations. All Parties agree that no representations, warranties, or inducements have been made to any Party concerning this Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents. All Parties further agree that they are not relying on any representations, warranties, or covenants that are not expressly contained and memorialized in this Stipulation or its exhibits. All of the exhibits hereto are material and integral parts hereof and are fully incorporated herein by reference.

## **INTERPRETATION**

26.    This Stipulation will be deemed to have been mutually prepared by the Parties and will not be construed against any of them by reason of authorship.

27.    Section and/or paragraph titles have been inserted for convenience only and will not be used in interpreting the terms of this Stipulation.

28.    The terms and provisions of this Stipulation are intended solely for the benefit of the Parties, and their respective successors and permitted assigns, and it is not the intention of the Parties to confer third-party beneficiary rights or remedies upon any other Person, except with respect to: (i) any attorneys' fees and expenses to be paid to Plaintiff's Counsel pursuant to the terms of this Stipulation; and (ii) the Released Persons who are not signatories hereto, who shall be third-party beneficiaries under this Stipulation and entitled to enforce it in accordance with its terms, but the consent of such third-party beneficiary shall not be required to amend, modify, or terminate this Stipulation.

## **AMENDMENTS**

29.    This Stipulation may not be amended, changed, waived, discharged, or terminated (except as explicitly provided herein), in whole or in part, except by an instrument in writing signed by counsel to all of the Parties to this Stipulation on behalf of each such Party.

## COUNTERPARTS

30.     This Stipulation may be executed in any number of actual, telecopied, or electronically mailed counterparts and by each of the different Parties on several counterparts, each of which when so executed and delivered will be an original.  This Stipulation will become effective when the actual, telecopied, or electronically mailed counterparts have been signed by each of the Parties to this Stipulation and delivered to the other Parties.  The executed signature page(s) from each actual, telecopied, or electronically mailed counterpart may be joined together and attached and will constitute one and the same instrument.

## CONTINUING JURISDICTION

31.     The consummation of the Settlement, as embodied in this Stipulation, shall be under the authority of the Court, and the Court shall retain exclusive jurisdiction for the purpose of enforcing the terms of this Stipulation.

## NOTICE TO PARTIES

32.     If any Party is required to give notice to any other Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand or courier delivery, or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

If to Plaintiff:                                          Geoffrey M. Johnson
                                                          SCOTT+SCOTT ATTORNEYS AT LAW LLP
                                                          12434 Cedar Road, Suite 12
                                                          Cleveland Heights, OH 44118
                                                          (216) 229-6088
                                                          gjohnson@scott-scott.com

If to Defendants:                                       Andrew B. Clubok
                                                          LATHAM & WATKINS LLP
                                                          555 Eleventh St. NW, Suite 1000
                                                          Washington, DC 20004
                                                          (202) 637-2200
                                                          andrew.clubok@lw.com

IN WITNESS WHEREOF, the Parties hereto have caused this Stipulation to be executed by their duly authorized counsel as of January 3, 2019.

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

Geoffrey M. Johnson
12434 Cedar Road, Suite 12
Cleveland Heights, OH 44118
Telephone:  (216) 229-6088
gjohnson@scott-scott.com

David R. Scott
Donald A. Broggi
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
156 South Main Street
P.O. Box 192
Colchester, CT 06415
Telephone:  (860) 537-5537
david.scott@scott-scott.com
dbroggi@scott-scott.com

*Counsel for Plaintiff*

**LATHAM & WATKINS LLP**

Andrew B. Clubok
Christopher S. Turner
Sian B. Jones
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004-1304
Telephone:  (202) 637-2200
andrew.clubok@lw.com
christopher.turner@lw.com
sian.jones@lw.com

*Counsel for Navient and Defendants*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BUFFALO GROVE POLICE PENSION FUND, Derivatively on Behalf of Nominal Defendant NAVIENT CORPORATION, | ) ) ) |
| | ) |
| Plaintiff, | ) ) |
| | ) |
| v. | ) ) |
| WILLIAM M. DIEFENDERFER, III, JOHN K. ADAMS, ANNA ESCOBEDO CABRAL, DIANE SUITT GILLELAND, KATHERINE A. LEHMAN, LINDA A. MILLS, JOHN (JACK) F. REMONDI, JANE J. THOMPSON, LAURA S. UNGER, BARRY L. WILLIAMS, ANN TORRE BATES, STEVEN L. SHAPIRO, BARRY A. MUNITZ, TIMOTHY J. HYNES, IV, SOMSAK CHIVAVIBAL, JOHN M. KANE, and CHRISTIAN M. LOWN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants, | ) ) |
| - and - | ) ) |
| NAVIENT CORPORATION, | ) ) |
| Nominal Defendant. | ) ) |

C.A. No. _____

### [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, (a) Buffalo Grove Police Pension Fund, Plaintiff in the above-captioned derivative action (the "Action"); (b) Defendants William M. Diefenderfer, III, John K. Adams, Anna Escobedo Cabral, Diane Suitt, Gilleland, Katherine A. Lehman, Linda A. Mills, John (Jack) F. Remondi, Jane J. Thompson, Laura S. Unger, Barry L. Williams, Ann Torre Bates, Steven L. Shapiro, Barry A. Munitz, Timothy J. Hynes, IV, Somsak Chivavibal, John M. Kane, and Christian M. Lown (collectively, "Defendants"); and (c) Nominal Defendant Navient Corporation ("Navient" or the "Company") have entered into a Stipulation and Agreement of

Settlement, Compromise, and Release, dated as of January 3, 2019 (the "Stipulation"), that sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the Action (the "Settlement"), subject to review and approval by this Court pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and upon notice to Navient Stockholders.

WHEREAS, Plaintiff has made an application, pursuant to Fed. R. Civ. P. 23.1, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Navient Stockholders.

WHEREAS, this Order incorporates by reference the definitions in the Stipulation, and unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Stipulation;

NOW, upon review and consideration of the Stipulation filed with the Court, and the exhibits attached thereto, and Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith:

IT IS HEREBY ORDERED:

1.     The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to Navient and Navient Stockholders, subject to further consideration at the Settlement Hearing to be conducted as described below.

2.     A hearing (the "Settlement Hearing") shall be held before this Court on _____, 2019 [a date that is at least 65 calendar days from the date of this Preliminary Approval Order], at _____a.m./p.m. before the Honorable _____ in the _____, to: (a) determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and in the best interest of the Company and its stockholders; (b) determine whether the Court should finally approve the

Settlement and enter a Final Order and Judgment ("Judgment"), as provided in the Stipulation, dismissing the Action with prejudice and extinguishing and releasing the Released Claims; (c) hear and determine any objections to the proposed Settlement; (d) rule on the application of Plaintiff's Counsel for an award of attorneys' fees and expenses; and (e) rule on other such matters as the Court may deem appropriate.

3. The Court reserves the right to adjourn the date of the Settlement Hearing, and modify any other dates set forth herein, without further notice to Navient Stockholders and retains jurisdiction to consider all further applications arising out of, or connected with, the proposed Settlement.

4. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Navient Stockholders.

5. The Court approves, as to form and content, the Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing, and Right to Appear (the "Notice") and Summary Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing, and Right to Appear (the "Summary Notice"), annexed to the Stipulation as Exhibits B and C, respectively, and finds that the disclosure of the terms of Settlement and distribution of the Notice substantially in the manner and form set forth in this Order and pursuant to ¶¶6-7 of the Stipulation meets the requirements of Fed. R. Civ. P. 23.1, the United States Constitution (including the due process clause), and any other applicable law, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. No later than 14 business days after entry of this Preliminary Approval Order, (a) the Company shall provide for notice of the Settlement in the following manner: (i)

publishing the Summary Notice once in *Investor's Business Daily*; (ii) inclusion of the Notice on the Company's website; and (iii) placement of the Notice on the website(s) maintained by Plaintiff's Counsel.  All costs incurred in disseminating the Notice and Summary Notice in accordance with this ¶6(a) shall be paid by the Company, and in no event shall Plaintiff or Plaintiff's Counsel be responsible for any notice costs or expenses, except any costs or expenses incurred in disseminating the Notice in accordance with ¶6(a)(iii) above.

7.      At least 10 calendar days prior to the Settlement Hearing, counsel for the Company shall file with the Court the appropriate proof of compliance with the Notice procedures as set forth in this Order.

8.      Any Navient Stockholders who continue to hold shares of Navient stock as of the date of the Settlement Hearing may file a written objection to the proposed Settlement and/or Plaintiff's Counsel's application for an award of attorneys' fees and expenses and appear and show cause, if he, she, or it has any cause as to why the proposed Settlement and/or the application for attorneys' fees and expenses should not be approved; provided, however, that, unless otherwise directed by the Court for good cause shown, no such Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement and/or the application for attorneys' fees and expenses unless that Person has filed a written objection with the Clerk of the Court and served (by hand, first class mail, or express service) copies of such objection on Plaintiff's Counsel, Geoffrey M. Johnson, Scott+Scott Attorneys at Law LLP, 12434 Cedar Road, Suite 12, Cleveland Heights, Ohio 44118, and Defendants' Counsel, Andrew B. Clubok, Latham & Watkins LLP, 555 Eleventh Street NW, Suite 1000, Washington, D.C. 20004, no later than 14 calendar days prior to the Settlement Hearing.

9.      Any objections, filings, and other submissions: (a) must state the name, address, and telephone number of the objector and, if represented by counsel, the name, address, and telephone number of his, her, or its counsel; (b) must be signed by the objector; (c) must contain a specific, written statement of the objection(s) and the specific reason(s) for the objection(s), including any legal and evidentiary support the objector wishes to bring to the Court's attention, and if the objector has indicated that he, she, or it intends to appear at the Settlement Hearing, the identity of any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the hearing; and (d) must include documentation sufficient to prove that the objector owned shares of Navient common stock as of January 3, 2019 and contain a statement that the objector continues to hold such shares as of the date of filing of the objection and will continue to hold those shares as of the date of the Settlement Hearing.  Documentation establishing ownership of Navient stock must consist of copies of monthly brokerage account statements, or an authorized statement from the objector's broker containing the information found in an account statement.

10.      Unless the Court orders otherwise, any Person who does not make his, her, or its objection in the manner provided herein shall be: (a) deemed to have waived and forfeited his, her, or its right to object to any aspect of the proposed Settlement or Plaintiff's Counsel's application for an award of attorneys' fees and expenses; (b) forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Judgment to be entered approving the Settlement, or the attorneys' fees or expenses requested and/or approved by the Court; and (c) deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding, with respect to any matters concerning the Settlement or the requested attorneys' fees or expenses.

11.     All Navient Stockholders, and any other persons owning shares of Navient stock as of the date of the Settlement Hearing, shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Navient Stockholders. If the Court approves the Settlement, all Navient Stockholders will be bound by the Settlement, including, but not limited to, the release of the Released Claims provided for in the Stipulation, and by any judgment or determination of the Court affecting Navient Stockholders.

12.     Initial papers in support of the Settlement and the application for attorneys' fees or expenses shall be filed and served no later than 30 calendar days prior to the Settlement Hearing.  Reply papers in support of the Settlement and the application for attorneys' fees or expenses shall be filed and served no later than seven calendar days prior to the Settlement Hearing.

13.     Plaintiff's Counsel's application for an award of attorneys' fees or expenses will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.  The Court reserves the right to enter its final order approving the Settlement and dismissing the Action on the merits and with prejudice regardless of whether it has awarded attorneys' fees and expenses.

14.     Neither this Order, the Settlement, Stipulation, nor any act or omission in connection therewith is intended or shall be deemed to be a presumption, concession, or admission by: (a) any of the Defendants or any of the Released Defendants as to the validity of any claims, causes of action, or other issues that were, might be, or have been raised in the Action, or in any other litigation, or to be evidence of or constitute an admission of wrongdoing or liability by any of them, and each of them expressly denies any such wrongdoing or liability;

or (b) Plaintiff as to the infirmity of any claim or the validity of any defense, or to the amount of any damages.

15.     Pending final determination of whether the Settlement should be approved, neither the Company, Plaintiff, Navient Stockholders, or anyone who acts, or purports to act, on their behalf shall institute, commence, or prosecute any action that asserts Released Claims against the Defendants or the Released Defendants.

16.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Order shall be rendered null and void to the extent provided by, and in accordance with, the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by, and in accordance with, the Stipulation.

17.     All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the settlement or comply with the terms of this Order or the Stipulation.

18.     The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE _____
UNITED STATES DISTRICT JUDGE

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BUFFALO GROVE POLICE PENSION FUND, Derivatively on Behalf of Nominal Defendant NAVIENT CORPORATION, | ) ) ) ) |
| | C.A. No. _____ |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| WILLIAM M. DIEFENDERFER, III, JOHN K. ADAMS, ANNA ESCOBEDO CABRAL, DIANE SUITT GILLELAND, KATHERINE A. LEHMAN, LINDA A. MILLS, JOHN (JACK) F. REMONDI, JANE J. THOMPSON, LAURA S. UNGER, BARRY L. WILLIAMS, ANN TORRE BATES, STEVEN L. SHAPIRO, BARRY A. MUNITZ, TIMOTHY J. HYNES, IV, SOMSAK CHIVAVIBAL, JOHN M. KANE, and CHRISTIAN M. LOWN, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants, | ) ) |
| - and - | ) ) |
| NAVIENT CORPORATION, | ) ) |
| Nominal Defendant. | ) ) ) ) ) ) |

**NOTICE OF PENDENCY OF DERIVATIVE ACTION, PROPOSED SETTLEMENT OF DERIVATIVE ACTION, SETTLEMENT HEARING, AND RIGHT TO APPEAR**

**TO: ALL RECORD HOLDERS AND BENEFICIAL OWNERS OF NAVIENT CORPORATION ("NAVIENT" OR THE "COMPANY") COMMON STOCK AS OF JANUARY 3, 2019.**

- PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.

- THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF THE ABOVE-CAPTIONED STOCKHOLDER DERIVATIVE ACTION (THE "ACTION") AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS.

YOUR RIGHTS MAY BE AFFECTED BY THESE LEGAL PROCEEDINGS.  IF THE COURT APPROVES THE SETTLEMENT, YOU WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING THE RELEASED CLAIMS.

- IF YOU HOLD NAVIENT COMMON STOCK FOR THE BENEFIT OF ANOTHER, PLEASE PROMPTLY TRANSMIT THIS DOCUMENT TO SUCH BENEFICIAL OWNER.

- PLEASE NOTE THAT THE ACTION IS A DERIVATIVE ACTION BROUGHT BY A STOCKHOLDER OF THE COMPANY FOR THE BENEFIT OF THE COMPANY, AND THERE IS NO CLAIM FORM BECAUSE NO INDIVIDUAL HAS A RIGHT TO BE COMPENSATED AS A RESULT OF THE SETTLEMENT OF THE DERIVATIVE ACTION.

- THE COURT HAS MADE NO FINDINGS OR DETERMINATIONS CONCERNING THE MERITS OF ANY CLAIMS OR DEFENSES BY ANY OF THE PARTIES IN THE ACTION.  THE RECITATION OF THE BACKGROUND AND CIRCUMSTANCES OF THE SETTLEMENT CONTAINED HEREIN DOES NOT CONSTITUTE FINDINGS OF THE COURT.  IT IS BASED ON REPRESENTATIONS MADE TO THE COURT BY COUNSEL FOR THE PARTIES.

Notice is hereby provided to you of the proposed settlement of this Action.  This long form Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing, and Right to Appear (the "Notice") is provided by Order of the U.S. District Court for the Eastern District of Pennsylvania (the "Court").  It is not an expression of any opinion by the Court with respect to the truth of the allegations in the Action or merits of the claims or defenses asserted by or against any Party.  It is solely to notify you of the terms of the proposed Settlement and your rights related thereto.  Capitalized terms not otherwise defined shall have the definitions set forth in the Stipulation of Settlement, dated January 3, 2019 (the "Stipulation").  The text of the Stipulation can be viewed and/or downloaded at http://_____.

On _____, 2019 at _____a.m./p.m., a hearing (the "Settlement Hearing") will be held before the Court in _____, to determine: (i) whether the terms of the settlement are fair, reasonable, and adequate, including the amount for Plaintiff's Counsel's attorneys' fees and expenses, and should be finally approved; (ii) whether a final judgment should be entered and the Action dismissed with prejudice pursuant to the Stipulation; and (iii) such other matters as may be necessary or proper under the circumstances.

## BACKGROUND OF THE ACTION

Navient is a public corporation and was created as a result of a spin-off from SLM Corporation ("Sallie Mae") in 2014.  In connection with the reorganization of Sallie Mae, Navient, through its subsidiaries (including Navient Solutions, LLC and Pioneer Credit

Recovery, Inc. ("Pioneer")), assumed the servicing and collection of certain private and federal student loans owned by Navient and various third parties.

Navient has been investigated by numerous governmental entities, including the Consumer Financial Protection Bureau ("CFPB") and multiple state attorneys general, who have alleged that Navient committed payment processing errors and failed to implement the internal controls necessary to appropriately service student loans, leading to misapplied payments, misinformation being sent to borrowers, and false reporting to credit agencies of certain loans. In addition, these regulators have alleged that Navient failed to advise borrowers of certain rights as required by federal and state law.

The above allegations led to both regulatory and private actions to be taken against the Company, including lawsuits being filed by the CFPB and state attorneys general and two securities class action lawsuits. These actions have caused both financial and reputational harm to the Company.

Certain Company insiders also capitalized on Navient's artificially inflated stock price by conducting $1.2 million in insider sales before Navient's critically deficient servicing practices were widely known.

On January 15, 2018, Plaintiff sent a demand to inspect certain books and records of the Company pursuant to 8 *Del. C.* §220 to investigate potential wrongdoing, mismanagement, and breaches of fiduciary duty by the members of the Company's management and Board (the "Demand"). On March 12, 2018, the Company produced to Plaintiff inspection materials pursuant to the Demand (the "220 Documents"). Plaintiff subsequently sent a settlement demand to the Company on May 21, 2018.

On May 7, 2018, Plaintiff provided Navient with a draft derivative complaint on behalf of the Company against certain directors and officers of Navient for breaches of fiduciary duty. Plaintiff alleged breach of fiduciary duty claims arising out of Defendants' roles in allowing the Company to function without effective controls in place to ensure compliance with minimum federal standards for student loan servicing, allowing the Company to violate the federal securities laws, and allowing certain Defendants to enrich themselves at the expense of the Company and its stockholders. Defendants informed Plaintiff that they believed the claims were without merit and would defend them in court, if the complaint were filed.

In August 2018, the Parties agreed to mediate the claims at issue in the Demand. The Parties retained Bill Baten ("Mr. Baten") of Van Winkle Baten Dispute Resolution to mediate their dispute. Prior to mediating, the Parties exchanged written proposals on possible reforms intended to benefit Navient. The Parties separately had multiple communications with Mr. Baten to discuss the merits of their allegations and their respective positions. On September 21, 2018, the Parties attended a mediation in Washington, D.C., before Mr. Baten. After a full day session, the Parties reached an agreement-in-principle on substantive terms to settle the Action and executed a memorandum of understanding (the "MOU"). This Stipulation memorializes the terms of the Parties' agreement to settle the Action.

Plaintiff has owned shares of Navient common stock since the outset of the Action and continues to do so.  Plaintiff, having thoroughly considered the facts and law underlying the Action, and based upon its investigation and prosecution of the Action and the mediation that led to the Settlement, and after weighing the risks of continued litigation, has determined that it is in the best interests of Navient and Navient Stockholders that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation and that these terms and conditions are fair, reasonable, and adequate to Navient and Navient Stockholders.

Defendants have denied and continue to deny the allegations of wrongdoing, allegations of liability, and the existence of any damages asserted in or arising from the Action.  Defendants have concluded that further litigation in connection with the Action would be time-consuming and expensive.  After weighing the costs, disruption, and distraction of continued litigation, they have determined, solely to eliminate the risk, burden, and expense of further litigation, that the Action should be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

## TERMS OF THE PROPOSED DERIVATIVE SETTLEMENT

The principal terms, conditions, and other matters that are part of the Settlement, which is subject to approval by the Court, are summarized below.  This summary should be read in conjunction with, and is qualified in its entirety by reference to, the Stipulation, which is available at http://_____.

The Board has or shall adopt resolutions and amend committee charters to the extent necessary for the implementation of the corporate governance changes set forth below.  The corporate governance changes set forth herein shall be maintained for a period of at least three years, unless any provision (or part of any provision) is rendered unlawful or ill-advised under any statute or regulation.  The Board may exercise its discretion in deciding whether to continue any of the corporate governance changes after three years.

1.     **Board Composition.**  Navient commits to appoint, or to have appointed following receipt of Plaintiff's Complaint, two new independent directors to the Company's Board by the end of 2019.

2.     **Director Orientation and Continuing Education.**

i.     Within six months of their election or appointment, all new members of the Board must receive training on applicable consumer protection laws and state collection laws; and

ii.     In addition, every member of the Board shall receive annual training on compliance with such consumer protection laws, standards, and regulations.

3.     **Risk Oversight Disclosures.**  Navient shall prepare a summary of the Board's risk oversight responsibilities for publication on Navient's publicly facing website.  Navient shall provide Plaintiff with the summary prior to the date when Plaintiff's final fairness papers are due with the Court.

4

4.    **Revisions to the Board's Committee Charters.**  Navient shall review and revise, as necessary, the charter for each standing committee to ensure that each committee's risk oversight responsibilities are clearly described.  Navient shall provide Plaintiff with the final revisions prior to the date when Plaintiff's final fairness papers are due with the Court.

5.    **Limitations on Directors and Audit Committee Service.**  Navient shall amend the Board's Governance Guidelines to provide that: (i) the Chair of the Audit Committee shall not serve on the audit committee of more than one other public company's board of directors; and (ii) any individual member of the Board will not serve as the chair of more than one committee or as a member of more than three committees.

6.    **Independent Director Meetings in Executive Session.**

i.    Navient shall amend the Board's Governance Guidelines to require the independent directors of the Board to meet in executive session at each regularly scheduled meeting of the Board, with a minimum requirement to meet at least four times annually, outside of the presence of any director who serves as an officer for Navient; and

ii.    Navient shall amend the Board's Governance Guidelines to provide that the independent directors shall have the power to call for reporting from any business unit at the executive session, including, without limitation, from audit and compliance segments.

7.    **Maintenance of Senior Executive Position(s) for Loan Servicing and Collections.**  Navient shall maintain at least one executive position at the Senior Vice-President level or higher whose primary areas of responsibility shall be: (a) loan servicing operations; and (b) loan-related collections efforts reasonably designed to achieve compliance with state and federal law.

8.    **Creation of a Loan Servicing and Collections Compliance Committee.**

i.    Navient shall create an executive-level Loan Servicing and Collections Compliance Committee;

ii.    The executive(s) listed in ¶7. above, General Counsel/Principal Legal Officer, and Chief Risk and Compliance Officer shall all serve on the Loan Servicing and Collections Compliance Committee;

iii.    The Loan Servicing and Collections Compliance Committee shall report directly to the Company's Audit Committee;

iv.    The Loan Servicing and Collections Compliance Committee shall provide additional oversight of the Company's loan servicing and loan-related collections efforts.  Reports regarding these responsibilities shall be provided to the Company's Audit Committee; and

v.     The Loan Servicing and Collections Compliance Committee shall provide additional oversight of internal controls regarding the Company's loan servicing and loan-related collections efforts.  Reports regarding these responsibilities shall be provided to the Company's Audit Committee.

9.     **Revisions to the Code of Business Conduct.**  Navient shall amend its Code of Business Conduct to state the following (or similar language):

> If you become aware of a failure by the Company to comply with loan servicing or collection procedures mandated by federal or state consumer protection laws and/or by the federal securities laws and SEC rules, regulations or guidance, or if you, or anyone else you are aware of, are asked to discharge your/their respective duties in a manner that fails to comply with any such rules, regulations, or guidance, you shall immediately report the event via email to legalcompliance@navient.com.

10.     **Revisions to the Confidential Whistleblower Program.**  Navient shall require the Chief Risk Compliance Officer to meet with the Audit Committee at least annually to present on and discuss the current Whistleblower Policy and to consider any amendments that the Chief Risk Compliance Officer or Audit Committee recommends.

## PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND EXPENSES

Subsequent to the execution of the MOU and after all of the material terms of the Settlement were agreed upon by the Parties, Plaintiff's Counsel engaged in arm's-length negotiations with the Defendants and Navient concerning an appropriate award of attorneys' fees and litigation expenses for Plaintiff's Counsel.  As a result of those negotiations, it has been agreed that Plaintiff's Counsel's Fee and Expense Application will not exceed $1,495,000.00, including a service award for Plaintiff in the amount of $5,000, and Defendants and Navient will not oppose a request up to that amount.  The above-referenced fee and expense award shall constitute that full amount that Defendants and Navient shall be required to pay to Plaintiff's Counsel, or any other counsel, in connection with the litigation and settlement of the claims asserted in this Action.  Additionally, Plaintiff's Counsel has a referral obligation to the Kehoe Law Firm, which has been consented to by the Plaintiff.  The referral obligation will be paid out of Plaintiff's Counsel's Fee and Expense Award.

## REASONS FOR THE SETTLEMENT

The Parties have determined that it is desirable and beneficial that the Action and any dispute related thereto is fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation, and Plaintiff's Counsel believes that the settlement is in the best interest of the Parties and Navient Stockholders.

### Why Did Plaintiff Agree to Settle?

Plaintiff and Plaintiff's Counsel believe that the claims asserted in the Action have merit. Nonetheless, Plaintiff and Plaintiff's Counsel also recognize and acknowledge the significant risk, expense, and length of continued proceedings necessary to prosecute the Action against the

Defendants through trial and appeal.  Plaintiff and Plaintiff's Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex cases, such as the Action, as well as the difficulties and delays inherent in such litigation.  Plaintiff and Plaintiff's Counsel are also mindful of the inherent problems of proving the violations asserted in the Action.  In consideration of the mediation that led to the settlement, and after weighing the risks of continued litigation, Plaintiff and Plaintiff's Counsel have determined that it is in the best interests of Navient and its stockholders that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation, and that these terms and conditions are fair, reasonable, adequate, and confer substantial benefits to Navient and its stockholders.

### Why Did the Defendants Agree to Settle?

Defendants deny each and all of the claims and contentions alleged in the Action. Moreover, Defendants expressly deny any misconduct alleged in the Action and further deny any wrongdoing, legal liability, or violation of any laws arising out of any of the conduct alleged in the Action.  Furthermore, Defendants believe they have substantial defenses to the claims alleged against them in the Action.  And neither the Stipulation nor any document referred to therein, nor any action taken to carry out the Stipulation, is, may be construed as, or may be used as an admission by or against Defendants of any fault, wrongdoing, or liability whatsoever or the lack of merit of any defense that had been or could have been asserted to such claim.

Defendants nevertheless recognize that further conduct of the Action against them would be protracted, expensive, and distracting.  If the Action is not settled, substantial amounts of time, energy, and resources have been and, unless this settlement is made, will have to be devoted to the defense of the claims asserted in the Action.  Defendants have, therefore, determined that it is desirable and beneficial to them and the Company that the Action should be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation to eliminate the burden and expense of further protracted litigation.

### SETTLEMENT HEARING

On _____, 2019 at _____a.m./p.m., the Court will hold the Settlement Hearing, before the Honorable _____ in the _____.  At the Settlement Hearing, the Court will consider: (i) whether the terms of the settlement are fair, reasonable, and adequate, including the amount for Plaintiff's Counsel's attorneys' fees and expenses, and should be finally approved; (ii) whether the Final Judgment Order should be entered and the Action dismissed with prejudice pursuant to the Stipulation; and (iii) such other matters as may be necessary or proper under the circumstances.

Pending final determination of whether the settlement should be approved, all Navient Stockholders are enjoined from commencing, instituting, prosecuting, continuing to prosecute, soliciting, encouraging, or participating in the prosecution of any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims.

## <u>RIGHT TO ATTEND SETTLEMENT HEARING</u>

Navient Stockholders, as of January 3, 2019, may, but are not required to, appear in person at the Settlement Hearing.  If you want to be heard at the Settlement Hearing, then you must first comply with the procedures for objecting, which are set forth below.  The Court has the right to change the hearing date or time without further notice.  Thus, if you are planning to attend the Settlement Hearing, you should confirm the date and time before going to the Court.  Navient Stockholders who have no objection to the settlement do not need to appear at the Settlement Hearing or take any other action.

### Right to Object to the Proposed Derivative Settlement and Procedures for Doing So

Any Navient Stockholder, as of January 3, 2019, may appear and show cause, if he, she, or it has any reason why the settlement of the Action should not be approved as fair, reasonable, and adequate, why a judgment should not be entered thereon, or why separately negotiated attorneys' fees and expenses should not be approved.  You must object in writing, and you may request to be heard at the Settlement Hearing.  If you choose to object, then you must follow these procedures.

### You Must Make Detailed Objections in Writing

Any objections must be presented in writing and must contain the following information:

1.      your name, legal address, telephone number, and e-mail address;

2.      proof of being a Navient Stockholder as of January 3, 2019;

3.      a statement of your position with respect to the matters to be heard at the Settlement Hearing, including a statement of each objection being made and any legal support for such objection;

4.      notice of whether you or your counsel intend to appear at the Settlement Hearing (appearance is not required if you have lodged your objection with the Court); and

5.      signature of the stockholder making the objection.

The Court may not consider any objection that does not substantially comply with these requirements.

### You Must Timely Deliver Written Objections to the Court and Counsel for Plaintiff and Defendants

YOUR WRITTEN OBJECTIONS MUST BE ON FILE WITH THE CLERK OF THE COURT NO LATER THAN _____, 2019 [14 calendar days before the Settlement Hearing].  The Court Clerk's address is:

Clerk of the Court

U.S. District Court for the Eastern District of Pennsylvania
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

YOU ALSO MUST DELIVER COPIES OF THE MATERIALS TO COUNSEL FOR PLAINTIFF AND DEFENDANTS SO THEY ARE RECEIVED NO LATER THAN [14 calendar days before the Settlement Hearing], 2019.  Counsel's addresses are:

*Counsel for Plaintiff:*

Geoffrey M. Johnson
Scott+Scott Attorneys at Law LLP
12434 Cedar Road, Suite 12
Cleveland Heights, Ohio 44106

*Counsel for Defendants:*

Andrew B. Clubok
Latham & Watkins LLP
555 Eleventh St. NW, Suite 1000
Washington, DC 20004

Unless the Court orders otherwise, your objection will not be considered unless it is timely filed with the Court and delivered to the above counsel.  Any Person or entity who fails to object in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as set forth in the Stipulation and Final Judgment Order, or to the award of attorneys' fees and expenses to Plaintiff's Counsel, unless otherwise ordered by the Court.

## HOW TO OBTAIN ADDITIONAL INFORMATION

This long form Notice is a summary and does not describe all of the details of the Stipulation.  For precise terms and conditions of the Settlement, you may review the Stipulation filed with the Court, as well as the other pleadings and records of this litigation, which may be inspected during business hours at the office of the Clerk of the Court, U.S. District Court, Eastern District of Pennsylvania, 601 Market Street, Room 2609, Philadelphia, PA 19106-1797.  You may also view and/or download the Stipulation at http://_____.

**PLEASE DO NOT CALL, WRITE, OR OTHERWISE DIRECT QUESTIONS TO EITHER THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

Dated: _____, 2019

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| BUFFALO GROVE POLICE PENSION FUND, Derivatively on Behalf of Nominal Defendant NAVIENT CORPORATION, | )<br>)<br>) |
| | ) |
| Plaintiff, | )<br>) |
| | ) |
| v. | ) |
| | ) |
| WILLIAM M. DIEFENDERFER, III, JOHN K. ADAMS, ANNA ESCOBEDO CABRAL, DIANE SUITT GILLELAND, KATHERINE A. LEHMAN, LINDA A. MILLS, JOHN (JACK) F. REMONDI, JANE J. THOMPSON, LAURA S. UNGER, BARRY L. WILLIAMS, ANN TORRE BATES, STEVEN L. SHAPIRO, BARRY A. MUNITZ, TIMOTHY J. HYNES, IV, SOMSAK CHIVAVIBAL, JOHN M. KANE, and CHRISTIAN M. LOWN, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| | ) |
| Defendants, | )<br>) |
| - and - | )<br>) |
| NAVIENT CORPORATION, | )<br>) |
| Nominal Defendant. | )<br>) |

C.A. No. _____

**SUMMARY NOTICE OF PENDENCY OF DERIVATIVE ACTION,
PROPOSED SETTLEMENT OF DERIVATIVE ACTION,
<u>SETTLEMENT HEARING, AND RIGHT TO APPEAR</u>**

**TO:   RECORD AND BENEFICIAL HOLDERS OF SHARES OF THE COMMON STOCK OF NAVIENT CORPORATION ("NAVIENT" OR THE "COMPANY") AS OF THE CLOSE OF BUSINESS ON JANUARY 3, 2019.**

YOU ARE HEREBY NOTIFIED that the Plaintiff and Defendants in the above-captioned purported derivative lawsuit (the "Action") have entered into a proposed Settlement.

PLEASE BE FURTHER ADVISED that pursuant to an Order of the Court of the U.S. District Court for the Eastern District of Pennsylvania (the "Court"), dated _____, 2019 (the "Order"), a hearing (the "Settlement Hearing") will be held on _____, 2019, at _____ a.m./p.m., before the Honorable _____ in the _____.  At the Settlement Hearing, the Court will: (a) determine whether Plaintiff and Plaintiff's Counsel have

adequately represented the interests of Navient and its stockholders; (b) determine whether the proposed Settlement should be approved by the Court as fair, reasonable, adequate, and in the best interests of Navient and its stockholders; (c) determine whether the Court should enter an Order and Final Judgment, substantially in the form attached as Exhibit D to the Stipulation, dismissing the Action with prejudice, and releasing, barring, and enjoining the prosecution of any Released Claims against the Released Persons; (d) consider the application by Plaintiff's Counsel for an award of attorneys' fees and expenses; (e) hear and determine any objections to the Settlement and/or Plaintiff's Counsel's application for an award of attorneys' fees and expenses; and (f) rule on such other matters as the Court may deem appropriate.

On January 3, 2019, to avoid the costs, disruption, and distraction of further litigation, and without admitting the validity of any allegations made in the complaints, legal counsel for Defendants entered into a binding Stipulation of Settlement (the "Settlement") with legal counsel for the Company and Plaintiff to settle the Action, which should be resolved under the terms of the Settlement if it is approved.  On January 4, 2019, the parties to the Settlement presented the Settlement to the Court for approval.

Subsequent to the execution of a memorandum of understanding ("MOU"), and after all of the material terms of the Settlement were agreed upon by the Parties, Plaintiff's Counsel engaged in arm's-length negotiations with the Defendants and Navient concerning an appropriate award of attorneys' fees and litigation expenses for Plaintiff's Counsel.  As a result of those negotiations, it has been agreed that Plaintiff's Counsel's Fee and Expense Application will not exceed $1,495,000.00, including a service award for Plaintiff in the amount of $5,000, and Defendants and Navient will not oppose a request up to that amount.  The above-referenced fee and expense award shall constitute that full amount that Defendants and Navient shall be required to pay to Plaintiff's Counsel, or any other counsel, in connection with the litigation and settlement of the claims asserted in this Action.

If the Settlement is approved, the Action will be dismissed with prejudice and the Released Persons will be released by Plaintiff, Defendants, the Company, and Navient Stockholders, derivatively on behalf of the Company, as applicable, on the terms and subject to the conditions set forth in the Stipulation.

Any Navient Stockholder, as of January 3, 2019, shall have a right to appear and to be heard at the Settlement Hearing.  However, no stockholder shall be heard at the Settlement Hearing unless, no later than 14 calendar days prior to the date of the Settlement Hearing, such stockholder has filed with the Court, and delivered to counsel for the Parties, a written notice of objection, the grounds for objecting to the Settlement, and proof of both the stockholder's status as a stockholder and the date of ownership.  Only stockholders who have filed and delivered validly and timely written notices of objection will be entitled to be heard at the Settlement Hearing unless the Court orders otherwise.

Any written notice of objection must contain the following information: (1) your name, legal address, telephone number, and e-mail address; (2) proof of being a Navient Stockholder, as of January 3, 2019; (3) a statement of your position with respect to the matters to be heard at the Settlement Hearing, including a statement of each objection being made and any legal support for such objection; (4) notice of whether you or your counsel intend to appear at the

2

Settlement Hearing (appearance is not required if you have lodged your objection with the Court); and (5) signature of the stockholder making the objection.  If you wish to object to the Settlement, you must file a written objection setting forth the grounds for such objection and the information listed above with the Court on or before _____, 2019 [14 calendar days before the Settlement Hearing], with service to the following parties:

       ***Counsel for Plaintiff:***

       Geoffrey M. Johnson
       Scott+Scott Attorneys at Law LLP
       12434 Cedar Road, Suite 12
       Cleveland Heights, OH 44106

       ***Counsel for Defendants:***

       Andrew B. Clubok
       Latham & Watkins LLP
       555 Eleventh Street NW, Suite 1000
       Washington, DC 20004

Unless the Court orders otherwise, your objection will not be considered unless it is timely filed with the Court and delivered to the above counsel.  ***Any Person or entity who fails to object in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as set forth in the Stipulation and Final Judgment Order, or to the award of attorneys' fees and expenses to Plaintiff's Counsel, unless otherwise ordered by the Court.  Navient Stockholders who have no objection to the Settlement do not need to appear at the Settlement Hearing or take any other action.***

**PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE**

Dated: _____, 2019

                BY ORDER OF THE UNITED STATES
                DISTRICT COURT FOR THE EASTERN
                DISTRICT OF PENNSYLVANIA

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BUFFALO GROVE POLICE PENSION FUND, Derivatively on Behalf of Nominal Defendant NAVIENT CORPORATION, | ) ) ) | C.A. No. _____ |
| | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| WILLIAM M. DIEFENDERFER, III, JOHN K. ADAMS, ANNA ESCOBEDO CABRAL, DIANE SUITT GILLELAND, KATHERINE A. LEHMAN, LINDA A. MILLS, JOHN (JACK) F. REMONDI, JANE J. THOMPSON, LAURA S. UNGER, BARRY L. WILLIAMS, ANN TORRE BATES, STEVEN L. SHAPIRO, BARRY A. MUNITZ, TIMOTHY J. HYNES, IV, SOMSAK CHIVAVIBAL, JOHN M. KANE, and CHRISTIAN M. LOWN, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants, | ) ) | |
| - and - | ) ) | |
| NAVIENT CORPORATION, | ) ) | |
| Nominal Defendant. | ) | |

## [PROPOSED] FINAL ORDER AND JUDGMENT

This matter came before the Court for hearing pursuant to an Order of this Court, dated

_____, 2019 (the "Preliminary Approval Order"), on the application of

Plaintiff for final approval of the proposed Settlement set forth in the Stipulation and Agreement

of Settlement, Compromise, and Release, dated as of January 3, 2019 (the "Stipulation"), and

Plaintiff's Counsel's application for an award of attorneys' fees and expenses.  Due and adequate

notice having been given of the Settlement, as required in the Preliminary Approval Order, and

the Court having considered all papers filed and evidence in support of the proposed Settlement,

and attorneys for the respective Parties having been heard, and an opportunity to be heard having been given to all other Persons requesting to be heard in accordance with the Preliminary Approval Order,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      This Final Order and Judgment ("Judgment") incorporates by reference the definitions in the Stipulation, and all terms used in this Judgment and not otherwise defined herein shall have the same meanings as those set forth in the Stipulation and/or Preliminary Approval Order.

2.      For purposes of effectuating the Settlement, the Court has jurisdiction over the subject matter of the Action and all Parties to the Action, including all stockholders of Navient.

3.      The Court finds that the dissemination of the Notice and publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Navient Stockholders of: (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the releases to be provided thereunder); (iii) Plaintiff's Counsel's motion for an award of attorneys' fees and expenses; (iv) their right to object to any aspect of the Settlement or the motion for attorneys' fees and expenses; and (v) their right to appear at the Settlement Hearing; (c) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (d) satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, United States Constitution (including the Due Process Clause), and all other applicable law and rules.

4.      Pursuant to Fed. R. Civ. P. 23.1, this Court hereby finally approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and

adequate to, and is in the best interests of, Navient and its stockholders.  This Court further finds the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiff, Defendants, Navient, and its stockholders.  Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.  The Parties are hereby directed to perform the terms of the Settlement.

5.      Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party except as otherwise provided in the Stipulation or Judgment.

6.      Upon the Effective Date, Plaintiff and each and every other Navient Stockholder, derivatively on behalf of Navient, and Navient directly, shall be deemed to have, and by operation of law and the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiffs' Claims against the Released Defendants and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action against the Released Defendants, and shall be forever enjoined from prosecuting the Released Plaintiffs' Claims.

7.      Upon the Effective Date, Defendants, Navient, and each of the other Released Defendants shall be deemed to have, and by operation of law and the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Defendants' Claims against the Released Plaintiffs and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the prosecution, settlement, or resolution of the Action against the Released Plaintiffs, and shall be forever enjoined from prosecuting the Released Defendants' Claims.

8.      Notwithstanding ¶¶6-7 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

9.      Plaintiff's Counsel are hereby awarded attorneys' fees and expenses in the amount of $_____, which the Court finds to be fair and reasonable.  Payment of such award shall be made to Plaintiff's Counsel by Defendants in accordance with the Stipulation.

10.     Plaintiff is hereby awarded a service award in the amount of $_____ in recognition of its efforts in initiating and prosecuting the Action.  This amount shall be paid from the amount of attorneys' fees received by Plaintiff's Counsel in connection with the award of attorneys' fees provided for in ¶9 above.

11.     Any appeal of or challenge affecting this Court's order(s) regarding any application for attorneys' fees and expenses or incentive payments shall be considered separate from the Court's final approval of the Settlement, and shall in no way disturb or affect the finality of the Judgment finally approving the Settlement.

12.     Neither this Judgment, the Settlement, Stipulation, nor any act or omission in connection therewith is intended to or shall be deemed to be a presumption, concession, or admission by: (a) any of the Defendants or any of the Released Defendants as to the validity of any claims, causes of action, or other issues that were, might be, or have been raised in the Action, or in any other litigation, or to be evidence of or constitute an admission of wrongdoing or liability by any of them, and each of them expressly denies any such wrongdoing or liability; or (b) Plaintiff as to the infirmity of any claim or the validity of any defense, or to the amount of any damages.

13.     Notwithstanding ¶12 above, any of the Released Persons may file this Judgment, the Stipulation, or any other order of the Court related hereto in any other action that may be brought against them in order to support any and all defenses or counterclaims based on *res judicata*, collateral estoppel, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  In addition, nothing contained in ¶12 above shall prevent the Settlement and this Judgment (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to enforce or otherwise effectuate the Settlement (or any agreement or order relating thereto) or this Judgment.

14.     The Court finds, pursuant to 15 U.S.C. §78u-4(c)(1), that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11.

15.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16.     Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over the Parties and Navient Stockholders for purposes of the administration, interpretation, implementation, and enforcement of the Settlement.

17.     Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment;

and (b) do not materially limit the rights of the Company and its stockholders in connection with the Settlement.   Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.    There is no reason for delay in the entry of this Final Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE _____
UNITED STATES DISTRICT JUDGE