# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUFFALO GROVE POLICE PENSION FUND, Derivatively on Behalf of Nominal Defendant NAVIENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM M. DIEFENDERFER, III, JOHN K. ADAMS, ANNA ESCOBEDO CABRAL, DIANE SUITT GILLELAND, KATHERINE A. LEHMAN, LINDA A. MILLS, JOHN (JACK) F. REMONDI, JANE J. THOMPSON, LAURA S. UNGER, BARRY L. WILLIAMS, ANN TORRE BATES, STEVEN L. SHAPIRO, BARRY A. MUNITZ, TIMOTHY J. HYNES, IV, SOMSAK CHIVAVIBAL, JOHN M. KANE, and CHRISTIAN M. LOWN,<br><br>Defendants,<br><br>- and -<br><br>NAVIENT CORPORATION,<br><br>Nominal Defendant. | C.A. No. 2:19-cv-00062 |

## ORDER PRELIMINARILY APPROVING SETTLEMENT

WHEREAS, (a) Buffalo Grove Police Pension Fund, Plaintiff in the above-captioned derivative action (the "Action"); (b) Defendants William M. Diefenderfer, III, John K. Adams, Anna Escobedo Cabral, Diane Suitt, Gilleland, Katherine A. Lehman, Linda A. Mills, John (Jack) F. Remondi, Jane J. Thompson, Laura S. Unger, Barry L. Williams, Ann Torre Bates, Steven L. Shapiro, Barry A. Munitz, Timothy J. Hynes, IV, Somsak Chivavibal, John M. Kane, and Christian M. Lown (collectively, "Defendants"); and (c) Nominal Defendant Navient Corporation ("Navient" or the "Company") have entered into a Stipulation and Agreement of Settlement,

Compromise, and Release, dated as of January 3, 2019 (the "Stipulation"), that sets forth the terms and conditions for the proposed settlement and dismissal with prejudice of the Action (the "Settlement"), subject to review and approval by this Court pursuant to Rule 23.1 of the Federal Rules of Civil Procedure and upon notice to Navient Stockholders.

WHEREAS, Plaintiff has made an application, pursuant to Fed. R. Civ. P. 23.1, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Navient Stockholders.

WHEREAS, this Order incorporates by reference the definitions in the Stipulation, and unless otherwise defined herein, all capitalized terms shall have the same meaning as set forth in the Stipulation;

NOW, upon review and consideration of the Stipulation filed with the Court, and the exhibits attached thereto, and Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith:

IT IS HEREBY ORDERED:

1. The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to Navient and Navient Stockholders, subject to further consideration at the Settlement Hearing to be conducted as described below.

2. A hearing (the "Settlement Hearing") shall be held before this Court on Thursday, April 11, 2019, at 2:30 p.m. before the Honorable Lynne A. Sitarski to: (a) determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate and in the best interest of the Company and its stockholders; (b) determine whether the Court should finally approve the Settlement and enter a Final Order and Judgment ("Judgment"), as provided in the Stipulation, dismissing the Action with prejudice and

extinguishing and releasing the Released Claims; (c) hear and determine any objections to the proposed Settlement; (d) rule on the application of Plaintiff's Counsel for an award of attorneys' fees and expenses; and (e) rule on other such matters as the Court may deem appropriate.

3. The Court reserves the right to adjourn the date of the Settlement Hearing, and modify any other dates set forth herein, without further notice to Navient Stockholders and retains jurisdiction to consider all further applications arising out of, or connected with, the proposed Settlement.

4. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Navient Stockholders.

5. The Court approves, as to form and content, the Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing, and Right to Appear (the "Notice") and Summary Notice of Pendency of Derivative Action, Proposed Settlement of Derivative Action, Settlement Hearing, and Right to Appear (the "Summary Notice"), annexed to the Stipulation as Exhibits B and C, respectively, and finds that the disclosure of the terms of Settlement and distribution of the Notice substantially in the manner and form set forth in this Order and pursuant to ¶¶6-7 of the Stipulation meets the requirements of Fed. R. Civ. P. 23.1, the United States Constitution (including the due process clause), and any other applicable law, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

6. No later than 14 business days after entry of this Preliminary Approval Order, (a) the Company shall provide for notice of the Settlement in the following manner: (i) publishing the Summary Notice once in *Investor's Business Daily*; (ii) inclusion of the Notice on the Company's website; and (iii) placement of the Notice on the website(s) maintained by Plaintiff's

Counsel. All costs incurred in disseminating the Notice and Summary Notice in accordance with this ¶6(a) shall be paid by the Company, and in no event shall Plaintiff or Plaintiff's Counsel be responsible for any notice costs or expenses, except any costs or expenses incurred in disseminating the Notice in accordance with ¶6(a)(iii) above.

7. At least 10 calendar days prior to the Settlement Hearing, counsel for the Company shall file with the Court the appropriate proof of compliance with the Notice procedures as set forth in this Order.

8. Any Navient Stockholders who continue to hold shares of Navient stock as of the date of the Settlement Hearing may file a written objection to the proposed Settlement and/or Plaintiff's Counsel's application for an award of attorneys' fees and expenses and appear and show cause, if he, she, or it has any cause as to why the proposed Settlement and/or the application for attorneys' fees and expenses should not be approved; provided, however, that, unless otherwise directed by the Court for good cause shown, no such Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement and/or the application for attorneys' fees and expenses unless that Person has filed a written objection with the Clerk of the Court and served (by hand, first class mail, or express service) copies of such objection on Plaintiff's Counsel, Geoffrey M. Johnson, Scott+Scott Attorneys at Law LLP, 12434 Cedar Road, Suite 12, Cleveland Heights, Ohio 44118, and Defendants' Counsel, Andrew B. Clubok, Latham & Watkins LLP, 555 Eleventh Street NW, Suite 1000, Washington, D.C. 20004, no later than 14 calendar days prior to the Settlement Hearing.

9. Any objections, filings, and other submissions: (a) must state the name, address, and telephone number of the objector and, if represented by counsel, the name, address, and telephone number of his, her, or its counsel; (b) must be signed by the objector; (c) must contain a

specific, written statement of the objection(s) and the specific reason(s) for the objection(s), including any legal and evidentiary support the objector wishes to bring to the Court's attention, and if the objector has indicated that he, she, or it intends to appear at the Settlement Hearing, the identity of any witnesses the objector may call to testify and any exhibits the objector intends to introduce into evidence at the hearing; and (d) must include documentation sufficient to prove that the objector owned shares of Navient common stock as of January 3, 2019 and contain a statement that the objector continues to hold such shares as of the date of filing of the objection and will continue to hold those shares as of the date of the Settlement Hearing.  Documentation establishing ownership of Navient stock must consist of copies of monthly brokerage account statements, or an authorized statement from the objector's broker containing the information found in an account statement.

10. Unless the Court orders otherwise, any Person who does not make his, her, or its objection in the manner provided herein shall be: (a) deemed to have waived and forfeited his, her, or its right to object to any aspect of the proposed Settlement or Plaintiff's Counsel's application for an award of attorneys' fees and expenses; (b) forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Judgment to be entered approving the Settlement, or the attorneys' fees or expenses requested and/or approved by the Court; and (c) deemed to have waived and forever barred and foreclosed from being heard, in this or any other proceeding, with respect to any matters concerning the Settlement or the requested attorneys' fees or expenses.

11. All Navient Stockholders, and any other persons owning shares of Navient stock as of the date of the Settlement Hearing, shall be bound by all determinations and judgments in the Action concerning the Settlement, whether favorable or unfavorable to Navient Stockholders.  If

the Court approves the Settlement, all Navient Stockholders will be bound by the Settlement, including, but not limited to, the release of the Released Claims provided for in the Stipulation, and by any judgment or determination of the Court affecting Navient Stockholders.

12. Initial papers in support of the Settlement and the application for attorneys' fees or expenses shall be filed and served no later than 30 calendar days prior to the Settlement Hearing. Reply papers in support of the Settlement and the application for attorneys' fees or expenses shall be filed and served no later than seven calendar days prior to the Settlement Hearing.

13. Plaintiff's Counsel's application for an award of attorneys' fees or expenses will be considered separately from the fairness, reasonableness, and adequacy of the Settlement. The Court reserves the right to enter its final order approving the Settlement and dismissing the Action on the merits and with prejudice regardless of whether it has awarded attorneys' fees and expenses.

14. Neither this Order, the Settlement, Stipulation, nor any act or omission in connection therewith is intended or shall be deemed to be a presumption, concession, or admission by: (a) any of the Defendants or any of the Released Defendants as to the validity of any claims, causes of action, or other issues that were, might be, or have been raised in the Action, or in any other litigation, or to be evidence of or constitute an admission of wrongdoing or liability by any of them, and each of them expressly denies any such wrongdoing or liability; or (b) Plaintiff as to the infirmity of any claim or the validity of any defense, or to the amount of any damages.

15. Pending final determination of whether the Settlement should be approved, neither the Company, Plaintiff, Navient Stockholders, or anyone who acts, or purports to act, on their behalf shall institute, commence, or prosecute any action that asserts Released Claims against the Defendants or the Released Defendants.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Order shall be rendered null and void to the extent provided by, and in accordance with, the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by, and in accordance with, the Stipulation.

17. All proceedings in the Action are stayed until further order of this Court, except as may be necessary to implement the settlement or comply with the terms of this Order or the Stipulation.

18. The Court retains jurisdiction to consider all further applications arising out of or connected with the Settlement.

IT IS SO ORDERED.

DATED: _January 23, 2019__

__/s/ Lynne A. Sitarski _____
THE HONORABLE LYNNE A SITARSKI
UNITED STATES MAGISTRATE JUDGE