IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BUFFALO GROVE POLICE PENSION FUND, Derivatively on Behalf of Nominal Defendant NAVIENT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM M. DIEFENDERFER, III, JOHN K. ADAMS, ANNA ESCOBEDO CABRAL, DIANE SUITT GILLELAND, KATHERINE A. LEHMAN, LINDA A. MILLS, JOHN (JACK) F. REMONDI, JANE J. THOMPSON, LAURA S. UNGER, BARRY L. WILLIAMS, ANN TORRE BATES, STEVEN L. SHAPIRO, BARRY A. MUNITZ, TIMOTHY J. HYNES, IV, SOMSAK CHIVAVIBAL, JOHN M. KANE, and CHRISTIAN M. LOWN,<br><br>Defendants,<br><br>- and -<br><br>NAVIENT CORPORATION,<br><br>Nominal Defendant. | C.A. No. 19-cv-0062 |

## **FINAL ORDER AND JUDGMENT**

This matter came before the Court for hearing pursuant to an Order of this Court, dated January 23, 2019 (the "Preliminary Approval Order"), on the application of Plaintiff for final approval of the proposed Settlement set forth in the Stipulation and Agreement of Settlement, Compromise, and Release, dated as of January 3, 2019 (the "Stipulation"), and Plaintiff's Counsel's application for an award of attorneys' fees and expenses.  Due and adequate notice having been given of the Settlement, as required in the Preliminary Approval Order, and the Court having considered all papers filed and evidence in support of the proposed Settlement, and

attorneys for the respective Parties having been heard, and an opportunity to be heard having been given to all other Persons requesting to be heard in accordance with the Preliminary Approval Order,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Final Order and Judgment ("Judgment") incorporates by reference the definitions in the Stipulation, and all terms used in this Judgment and not otherwise defined herein shall have the same meanings as those set forth in the Stipulation and/or Preliminary Approval Order.

2. For purposes of effectuating the Settlement, the Court has jurisdiction over the subject matter of the Action and all Parties to the Action, including all stockholders of Navient.

3. The Court finds that the dissemination of the Notice and publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise Navient Stockholders of: (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the releases to be provided thereunder); (iii) Plaintiff's Counsel's motion for an award of attorneys' fees and expenses; (iv) their right to object to any aspect of the Settlement or the motion for attorneys' fees and expenses; and (v) their right to appear at the Settlement Hearing; (c) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (d) satisfied the requirements of Rule 23.1 of the Federal Rules of Civil Procedure, United States Constitution (including the Due Process Clause), and all other applicable law and rules.

4. Pursuant to Fed. R. Civ. P. 23.1, this Court hereby finally approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and

adequate to, and is in the best interests of, Navient and its stockholders.  This Court further finds the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of Plaintiff, Defendants, Navient, and its stockholders.  Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with its terms and provisions.  The Parties are hereby directed to perform the terms of the Settlement.

5. Judgment shall be, and hereby is, entered dismissing the Action with prejudice, on the merits, and without taxation of costs in favor of or against any Party except as otherwise provided in the Stipulation or Judgment.

6. Upon the Effective Date, Plaintiff and each and every other Navient Stockholder, derivatively on behalf of Navient, and Navient directly, shall be deemed to have, and by operation of law and the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiffs' Claims against the Released Defendants and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the defense, settlement, or resolution of the Action against the Released Defendants, and shall be forever enjoined from prosecuting the Released Plaintiffs' Claims.

7. Upon the Effective Date, Defendants, Navient, and each of the other Released Defendants shall be deemed to have, and by operation of law and the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Defendants' Claims against the Released Plaintiffs and any and all claims (including Unknown Claims) arising out of, relating to, or in connection with the prosecution, settlement, or resolution of the Action against the Released Plaintiffs, and shall be forever enjoined from prosecuting the Released Defendants' Claims.

8. Notwithstanding ¶¶6-7 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

9. Plaintiff's Counsel are hereby awarded attorneys' fees and expenses in the amount of $1,495,000, which the Court finds to be fair and reasonable. Payment of such award shall be made to Plaintiff's Counsel by Defendants in accordance with the Stipulation.

10. Plaintiff is hereby awarded a service award in the amount of $5,000 in recognition of its efforts in initiating and prosecuting the Action. This amount shall be paid from the amount of attorneys' fees received by Plaintiff's Counsel in connection with the award of attorneys' fees provided for in ¶9 above.

11. Any appeal of or challenge affecting this Court's order(s) regarding any application for attorneys' fees and expenses or incentive payments shall be considered separate from the Court's final approval of the Settlement, and shall in no way disturb or affect the finality of the Judgment finally approving the Settlement.

12. Neither this Judgment, the Settlement, Stipulation, nor any act or omission in connection therewith is intended to or shall be deemed to be a presumption, concession, or admission by: (a) any of the Defendants or any of the Released Defendants as to the validity of any claims, causes of action, or other issues that were, might be, or have been raised in the Action, or in any other litigation, or to be evidence of or constitute an admission of wrongdoing or liability by any of them, and each of them expressly denies any such wrongdoing or liability; or (b) Plaintiff as to the infirmity of any claim or the validity of any defense, or to the amount of any damages.

13. Notwithstanding ¶12 above, any of the Released Persons may file this Judgment, the Stipulation, or any other order of the Court related hereto in any other action that may be brought against them in order to support any and all defenses or counterclaims based on *res*

*judicata*, collateral estoppel, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  In addition, nothing contained in ¶12 above shall prevent the Settlement and this Judgment (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to enforce or otherwise effectuate the Settlement (or any agreement or order relating thereto) or this Judgment.

14. The Court finds, pursuant to 15 U.S.C. §78u-4(c)(1), that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Fed. R. Civ. P. 11.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

16. Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over the Parties and Navient Stockholders for purposes of the administration, interpretation, implementation, and enforcement of the Settlement.

17. Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of the Company and its stockholders in connection with the Settlement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement.

18.     There is no reason for delay in the entry of this Final Order and Judgment and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED:  April 26, 2019

                                              /s/ Lynne A. Sitarski
                                          THE HONORABLE LYNNE A. SITARSKI
                                          UNITED STATES MAGISTRATE JUDGE